UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH LARABEE,　　　　　　　　　　　　　　File No.

    Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　Hon.

v.

COUNTY OF MUSKEGON,
a municipal corporation
established pursuant to the
law of the State of Michigan.

    Defendant.

# COMPLAINT AND JURY DEMAND

## COMPLAINT

Plaintiff Deborah Larabee, by her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, represents:

### COUNT I.
### VIOLATION OF FAMILY MEDICAL LEAVE ACT

#### Jurisdiction, Venue and Parties

1.　　This Count I requests the Court to remedy violations of the Family Medical Leave Act ("FMLA"), 29 USC §2601, *et. seq.*

2. The Court has jurisdiction over this action pursuant to Section 107(a)(2) of the FMLA, 29 USC §2617(a)(2), and pursuant to 28 USC §1337.

3. Plaintiff is a resident of Muskegon County, Michigan, and the Western District of Michigan, Southern Division.

4. Defendant County of Muskegon (hereafter "County") is a municipal corporation organized under the laws of the State of Michigan with its principal place of business in Muskegon, Michigan, and doing business in the Western District of Michigan, Southern Division.

5. Venue is proper within this judicial district under 28 USC §1391(b).

6. Plaintiff was employed by Defendant County from on or about April 19, 2006, until December 28, 2015.

7. Plaintiff was an employee as defined in Section 101(3) of FMLA, 29 USC §2611(3).

8. Defendant County is an employer as defined in Section 101(3) of FMLA, 29 USC §2611(3), and is required to comply with the FMLA.

9. Plaintiff was, at all times relevant herein, an "eligible employee" within the meaning of Section 101(2)(A) of FMLA, 29 USC §2611(2)(A).

### Cause of Action - Violation of FMLA

10. On December 18, 2015, Plaintiff requested family medical leave. Defendant County approved said request on December 23, 2015 through March 2, 2016.

11. On December 28, 2015, Defendant County discharged Plaintiff despite her being on approved FMLA leave.

12. Defendant County violated 29 USC §2615(a)(1) and 29 USC § 2615(a)(2) when it discharged Plaintiff as aforesaid.

13. Defendant County's discharge of Plaintiff as aforesaid was not in good faith.

14. As a result of Defendant County's action as aforesaid, Plaintiff is entitled to damages for lost salary and other employment benefits (Section 107(a)(1)(A)(i)(I) of FMLA, 29 USC §2617(a((1)(A)(i)(I)), interest thereon (Section 107(a)(1)(A)(ii) of FMLA, 29 USC §2617(a)(1)(A)(ii)), liquidated damages in an amount equal to the lost wages and employment benefits (Section 107(a)(1)(A)(iii) of FMLA, 29 USC §2617(a)(1)(A)(iii)), and fees and costs, including actual reasonable attorney's fees (Section 107(a)(3) of FMLA, 29 USC §2607(a)(3)).

WHEREFORE, Plaintiff requests that the Court grant her the following relief:

A. Reinstatement in the position from which she was discharged.

B. Damages equal to any salary, employment benefits and/or other compensation denied or lost to her by reason of violations of the FMLA by Defendants;

C. Interest on the amount requested in B above, calculated at the prevailing rate;

  D. An additional amount as liquidated damages equal to the amount requested in B, above, including interest thereon as requested in C above;

  E. Reasonable attorney's fees, reasonable expert witness fees, if any, and other costs of this action; and

  F. Such other and further relief as this Court deems just and proper.

## COUNT II.
## VIOLATION OF DUE PROCESS OF LAW

### Jurisdiction, Venue and Parties

15. Plaintiff incorporates by reference in this Count II, Paragraphs 1 – 14 of Count I.

16. This Count II requests the County to remedy violations of the 14th Amendment to the U.S. Constitution and 42 U.S.C. §1983.

17. This Court has jurisdiction over Count II pursuant to 28 U.S.C. §1343 and 28 USC §1331.

### Cause of Action - Violation of Due Process

18. Pursuant to the personnel policies of Defendant County, Plaintiff can only be discharged for misconduct as defined by said policy.

19. Plaintiff, based on the personnel policies of Defendant County, has a property interest in her employment as defined by the 14th Amendment to the U.S.

Constitution, 42 USC §1983, and *Loudermill v. Cleveland Board of Education*, 470 *US 532 (1985)*, which can only be terminated in accordance with due process of law.

21. On December 28, 2015, Defendant County discharged Plaintiff without providing her with a pretermination hearing contrary to the 14th Amendment to the U.S. Constitution, 42 USC §1983; and *Loudermill v. Cleveland Board of Education*, 470 U*S 532 (1985)*, depriving her of due process of law.

22. As a result of Defendant County's failure to provide a pretermination hearing as aforesaid, it is liable for Plaintiff for damages, including lost wages and benefits and future lost wages and benefits, compensatory damages for emotional and mental distress and punitive damages.

WHEREFORE, Plaintiff requests that the Court grant her relief in an amount in excess of $75,000 as determined by a jury, interest and costs, including reasonable attorney's fees pursuant to 42 USC §1988.

## COUNT III.
## BREACH OF CONTRACT AND/OR VIOLATION OF LEGITIMATE EXPECTATIONS

### Jurisdiction, Venue and Parties

23. Plaintiff incorporates by reference in this Count III, Paragraphs 1 – 22 of Counts I and II.

24. This Count III requests the Court to remedy a breach of contract and/or a violation of Plaintiff's legitimate expectations that she could only be discharged for misconduct pursuant to Defendant County's Personnel Rules.

25. Jurisdiction of this action is set forth in Counts I and II of this Complaint and jurisdiction of this Count III is founded on pendent jurisdiction.

26. This Count III is separate and independent of the claims set forth in Counts I and II but is based upon the same operative facts as set forth therein.

27. Judicial economy, convenience, and fairness to the parties will be furthered i this case is tried at one time.

### Cause of Action – Breach of Contract and/or Legitimate Expectations

28. Pursuant to the Personnel Rules of Defendant County, Plaintiff can only be discharged for misconduct as set forth in Rule 9 – Disciplinary Actions.

29. Defendant County discharged Plaintiff in violation of its Personnel Rules because she had not received the three (3) valid progressive disciplines required to discharge her but only two (2) for the reason that the purported third progressive discipline involved the same type of work performance issues as the second progressive discipline and the conduct that led to the third progressive discipline occurred prior to her being placed on a three (3) day suspension and a performance improvement plan and before she was authorized to take FMLA leave and therefore, could not constitute the basis for a third progressive discipline pursuant to Defendant County's Personnel Rules.

30.     In addition, Plaintiff's purported misconduct which Defendant County alleges constituted the basis for her third progressive discipline did not violate Rule 9, Section III, B, Group 1, F. of Defendant County's Personnel Rules, and therefore, could not serve as a basis for a third progressive discipline which is required before Defendant County can discharge an employee such as Plaintiff.

31.     Based on the foregoing, Defendant County is liable in damages for breach of contract and/or violation of Plaintiff's legitimate expectations.

WHEREFORE, Plaintiff requests that this Court grant her relief in an amount in excess of $75,000, interests and costs.

Dated: March 3, 2016          PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                              Attorneys for Plaintiff


                              By     /s/ *H. Rhett Pinsky*
                                   H. Rhett Pinsky (P18920)
                                   Business Address:
                                   146 Monroe Center, N.W., Suite 805
                                   Grand Rapids, MI 49503
                                   (616) 451-8496

## JURY DEMAND

To the extent jury trial is allowed with regard to any of the issues herein, Plaintiff demands same.

Dated: March 3, 2016                 PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                                                Attorneys for Plaintiff

                                                                By      /s/ *H. Rhett Pinsky*
                                                                               H. Rhett Pinsky (P18920)
                                                                               Business Address:
                                                                               146 Monroe Center, N.W., Suite 805
                                                                               Grand Rapids, MI 49503
                                                                               (616) 451-8496