UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH LARABEE,

       Plaintiff,

v

COUNTY OF MUSKEGON,
a municipal corporation
established pursuant to the
law of the State of Michigan.

       Defendant.
_____/

Case No. 1:16-cv-00228

Hon. Gordon J. Quist, U.S. District Judge

H. Rhett Pinsky, Esq.
Pinsky, Smith, Fayette & Kennedy, LLP
Attorney for Plaintiff
146 Monroe Center St., NW – Suite 805
Grand Rapids, MI  49503

Douglas M. Hughes (P30958)
Susan M. Franklin (P66047)
Williams Hughes, PLLC
Muskegon County Corporate Counsel
120 W. Apple Avenue, P.O. Box 599
Muskegon, MI 49443-0599
Telephone:  231-726-4857
E-mail:  doughughes@williamshugheslaw.com
E-mail:  sfranklin@williamshugheslaw.com
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

       NOW COMES Defendant County of Muskegon, by and through its attorney Douglas M. Hughes, and states as follows for its Answer to Plaintiff's Complaint:

## COUNT I.
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

       1.     This Count I requests the Court to remedy violations of the Family Medical Leave Act ("FMLA"), 29 USC §2601, *et. seq*.

**ANSWER:    Defendant County of Muskegon denies as untrue the allegation in Paragraph 1 of Plaintiff's Complaint that it has violated the Family Medical Leave Act.**

2.     The Court has jurisdiction over this action pursuant to Section 107(a)(2) of the FMLA, 29 USC §2617(a)(2), and pursuant to 28 USC §1337.

**ANSWER:    Defendant admits that this Court has jurisdiction over cases involving violations of the FMLA, but denies as untrue any allegation in Paragraph 2 of Plaintiff's Complaint that such a violation exists.**

3.     Plaintiff is a resident of Muskegon County, Michigan and the Western District of Michigan, Southern Division.

**ANSWER:    Defendant neither admits nor denies the allegation stated in Paragraph 3 of the Plaintiff's Complaint for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and leaves Plaintiff to its proofs.**

4.     Defendant County of Muskegon (hereafter "County") is a municipal corporation organized under the laws of the State of Michigan with its principal place of business in Muskegon, Michigan, and doing business in the Western District of Michigan, Southern Division.

**ANSWER:    Defendant admits the allegations stated in Paragraph 4 of Plaintiff's Complaint.**

5.     Venue is proper within this judicial district under 28 USC §1391(b).

**ANSWER:    Defendant admits the allegations stated in Paragraph 5 of Plaintiff's Complaint.**

6.Plaintiff was employed by Defendant County from on or about April 19, 2006, until December 28, 2015.

**ANSWER:Defendant admits the allegations stated in Paragraph 6 of Plaintiff's Complaint.**

7.Plaintiff was an employee as defined in Section 101(3) of FMLA, 29 USC §2611(3).

**ANSWER:Defendant admits the allegations stated in Paragraph 7 of Plaintiff's Complaint.**

8.Defendant County is an employer as defined in Section 101(3) of FMLA, 29 US §2611(3), and is required to comply with the FMLA.

**ANSWER:Defendant admits the allegations stated in Paragraph 8 of Plaintiff's Complaint.**

9.Plaintiff, was, at all times relevant herein, an "eligible employee" within the meaning of Section 101(2)(A) of FMLA, 29 USC §2611(2)(A).

**ANSWER:Defendant admits the allegations stated in Paragraph 9 of Plaintiff's Complaint.**

### Cause of Action – Violation of FMLA

10.On December 18, 2015, Plaintiff requested family medical leave. Defendant County approved said request on December 23, 2015 through March 2, 2016.

**ANSWER:Defendant admits that the Plaintiff's request for intermittent leave pursuant to the FMLA was approved on and for the dates stated in the allegations stated in Paragraph 10 of Plaintiff's Complaint.**

11. On December 28, 2015, Defendant County discharged Plaintiff despite her being on approved FMLA leave.

**ANSWER: Defendant denies as untrue any allegation that Plaintiff was discharged for being on FMLA leave, and by way of further answer, states that Plaintiff was discharged for poor performance and disciplinary issues.**

12. Defendant County violated 29 USC §2615(1)(1) and 29 USC §2615(a)(2) when it discharged Plaintiff as aforesaid.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 12 of Plaintiff's Complaint.**

13. Defendant County's discharge of Plaintiff as aforesaid was not in good faith.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 13 of Plaintiff's Complaint.**

14. As a result of Defendant County's action as aforesaid, Plaintiff is entitled to damages for lost salary and other employment benefits (Section 107(a)(1)(A)(i)(I) of FMLA, 29 USC §2617(A)(1)(A)(i)(I)), interest thereon (Section 107(a)(1)(A)(ii) of FMLA, 29 USC §2617(A)(1)(A)(ii)), liquidated damages in an amount equal to the lost wages and employment benefits (Section 107(a)(1)(A)(iii) of FMLA, 29 USC §2617(A)(1)(A)(iii)), and fees and costs, including actual reasonable attorney's fees (Section 107(a)(3) of FMLA, 29 USC §2607(a)(3)).

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 14 of Plaintiff's Complaint.**

**WHEREFORE, Defendant County of Muskegon respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, and assess costs and**

reasonable attorney fees against the Plaintiff for filing a frivolous Complaint, as well as such other and further relief as this Court deems just and proper.

## COUNT II.

## VIOLATION OF DUE PROCESS OF LAW

### Jurisdiction, Venue and Parties

15. Plaintiff incorporates by reference in this Count II, Paragraphs 1-14 of Count I.

**ANSWER:** **Defendant incorporates by reference its answers to Paragraphs 1-14 of Plaintiff's Complaint.**

16. This Count II requests the County to remedy violations of the 14th Amendment to the U.S. Constitution and 42 U.S.C. §1983.

**ANSWER:** **Defendant denies as untrue the allegation in Paragraph 16 of Plaintiff's Complaint that it has violated the 14th Amendment to the U.S. Constitution and 42 USC §1983.**

17. This Court has jurisdiction over Count II pursuant to 28 U.S.C. §1343 and 28 USC §1331.

**ANSWER:** **Defendant neither admits nor denies the allegation stated in Paragraph 17 of the Plaintiff's Complaint for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and leaves Plaintiff to its proofs.**

### Cause of Action – Violation of Due Process

18. Pursuant to the personnel policies of Defendant County, Plaintiff can only be discharged for misconduct as denied by said policy.

**ANSWER:** Defendant denies as untrue the allegations stated in Paragraph 18 of Plaintiff's Complaint.

19. Plaintiff, based on the personnel policies of Defendant County, has a property interest in her employment as defined by the 14th Amendment to the U.S. Constitution, 42 USC §1983, and *Loudermill v. Cleveland Board of Education*, 470 US 532 (1985), which can only be terminated in accordance with due process of law.

**ANSWER:** Defendant denies as untrue the allegations stated in Paragraph 19 of Plaintiff's Complaint.

20. [PLAINTIFF FAILED TO INCLUDE A PARAGRAPH 20 IN THE COMPLAINT, SO NO ANSWER IS NECESSARY.]

21. On December 28, 2015, Defendant County discharged Plaintiff without providing her with a pretermination hearing contrary to the 14th Amendment of the U.S. Constitution, 42 USC §1983; and *Loudermill v. Cleveland Board of Education*, 470 US 532 (1985), depriving her of due process of law.

**ANSWER:** Defendant denies as untrue the allegations stated in Paragraph 21 of Plaintiff's Complaint.

22. As a result of Defendant County's failure to provide a pretermination hearing as aforesaid, it is liable for Plaintiff for damages, including lost wages and benefits and future lost wages and benefits, compensatory damages for emotional and mental distress and punitive damages.

**ANSWER:** Defendant denies as untrue the allegations stated in Paragraph 22 of Plaintiff's Complaint.

**WHEREFORE, Defendant County of Muskegon respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, and assess costs and reasonable attorney fees against the Plaintiff for filing a frivolous Complaint, as well as such other and further relief as this Court deems just and proper.**

## COUNT III.

### BREACH OF CONTRACT AND/OR VIOLATION OF LEGITIMATE EXPECTATIONS

### Jurisdiction, Venue and Parties

23. Plaintiff incorporates by reference in this Count III, Paragraphs 1-22 of Counts I and II.

**ANSWER:   Defendant incorporates by reference its answers to Paragraphs 1-22 of Plaintiff's Complaint.**

24. This Count III request the Court to remedy a breach of contract and/or a violation of Plaintiff's legitimate expectations that she could only be discharged for misconduct pursuant to Defendant County's Personnel Rules.

**ANSWER:   Defendant denies as untrue the allegations stated in Paragraph 24 of Plaintiff's Complaint.**

25. Jurisdiction of this action is set forth in Counts I and II of this Complaint and jurisdiction of this Count III is founded on pendent jurisdiction.

**ANSWER:   Defendant denies as untrue the allegations stated in Paragraph 25 of Plaintiff's Complaint.**

26. This Count III is separate and independent of the claims set forth in Counts I and II but is based upon the same operative facts as set forth therein.

**ANSWER:   Defendant neither admits nor denies the allegation stated in Paragraph 26 of the Plaintiff's Complaint for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and leaves Plaintiff to its proofs.**

27. Judicial economy, convenience, and fairness to the parties will be further i[sic] this case is tried at one time.

**ANSWER:   Defendant denies as untrue the allegation in Paragraph 27 of Plaintiff's Complaint.**

<u>**Cause of Action – Breach of Contract and/or Legitimate Expectations**</u>

28. Pursuant to the Personnel Rules of Defendant County, Plaintiff can only be discharged for misconduct as set forth in Rule 9 – Disciplinary Actions.

**ANSWER:   Defendant denies as untrue the allegations stated in Paragraph 28 of Plaintiff's Complaint.**

29. Defendant County discharged Plaintiff in violations of its Personnel Rules because she had not received the three (3) valid progressive disciplines required to discharge her but only two (2) for the reason that the purported third progressive discipline involved the same type of work performance issues as the second progressive discipline and the conduct that led to the third progressive discipline occurred prior to her being placed on a three (3) day suspension and a performance improvement plan and before she was authorized to take FMLA leave and therefore, could not constitute the basis for a third progressive discipline pursuant to Defendant County's Personnel Rules.

**ANSWER:   Defendant denies as untrue the allegations stated in Paragraph 29 of Plaintiff's Complaint.**

30. In addition, Plaintiff's purported misconduct which Defendant County alleges constituted the basis for her third progressive discipline did not violate Rule 9, Section III, B, Group 1, F. of Defendant County's Personnel Rules, and therefore, could not serve as a basis for a third progressive discipline which is required before Defendant County can discharge an employee such as Plaintiff.

**ANSWER:   Defendant denies as untrue the allegations stated in Paragraph 30 of Plaintiff's Complaint.**

31. Based on the foregoing, Defendant County is liable in damages for breach of contract and/or violation of Plaintiff's legitimate expectations.

**ANSWER:   Defendant denies as untrue the allegations stated in Paragraph 31 of Plaintiff's Complaint.**

**WHEREFORE, Defendant County of Muskegon respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, and assess costs and reasonable attorney fees against the Plaintiff for filing a frivolous Complaint, as well as such other and further relief as this Court deems just and proper.**

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed to state a claim upon which relief can be granted.

2. The Plaintiff has failed to state a claim in avoidance of governmental immunity.

3. All or parts of the Plaintiff's claims are barred by the applicable statute of limitations.

4. The Plaintiff has failed to mitigate her damages.

5. The Plaintiff's claims are barred by her own unclean hands.

6.  The Plaintiff has failed to allege or provide an appropriate basis to invoke this Court's jurisdiction.

7.  This Court lacks subject matter jurisdiction.

8.  The Plaintiff's claims are barred by the doctrine of laches.

9.  The Plaintiff's claims are barred as being contrary to public policy.

10. The Plaintiff has failed to exhaust her administrative remedies.

11. Defendant Muskegon County reserves the right to add further and additional affirmative defenses as they may become known through the course of discovery.

WILLIAMS HUGHES, PLLC

Dated: March 24, 2016           By: __/s/ Douglas M. Hughes_____
                                Douglas M. Hughes (P30958)
                                Susan M. Franklin (P66047)
                                Attorneys for Defendant

                                Business Address:
                                    120 W. Apple Avenue, P.O. Box 599
                                    Muskegon, MI 49443-0599
                                    Telephone: 231-726-4857
                                    Fax: 231-727-2130